**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CANDACE BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| STARBUCKS CORPORATION | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT AT LAW**

Plaintiff, Candace Bush ("Bush" or "Plaintiff"), through her attorneys, Alex R. Thiersch and Renee E. Coover of Thiersch & Associates, complains against Defendant, Starbucks Corporation ("Starbucks" or "Defendant"), as follows:

**Parties, Jurisdiction and Venue**

1.      This court has jurisdiction of this case pursuant to the Americans with Disabilities Act, §2 et. seq., 42 U.S.C.A. §12101, *et. seq.* ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000 *et. seq.*, The Civil Rights Act of 1866, 42 U.S.C. §1981, *et. seq.* ("§1981")*,* and 28 U.S.C. §§1331, 1343(a)(3) and (4).

2.      Venue is proper in this judicial district under 28 U.S.C. §1391 because the claim arose in this judicial district.

3.      Plaintiff, Candace Bush, is an individual resident of Cook County, Illinois, who currently resides at 743 Elm Street, Flossmoor, Illinois 60422.

4.      Defendant is a Washington corporation with its principal place of business in the State of Washington. Defendant conducts business in the State of Illinois, is registered to conduct business in the State of Illinois, and has a registered agent in the State of Illinois. As used in this

Complaint, "Defendant" and/or "Starbucks" means Defendant, all subsidiaries, agents, successors, parent corporations, etc.

5.      Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on race and disability with the Equal Employment Opportunity Commission (EEOC) on July 28, 2010, more than sixty (60) days before this lawsuit was filed. A copy of the Charge of Discrimination is attached hereto as Exhibit "A".

6.      On September 28, 2011, Plaintiff received her Notice of Right to Sue from the EEOC.  See Notice of Right to Sue letter attached hereto as Exhibit "B".

## COUNT I

**(DISCRIMINATION IN VIOLATION OF THE ADA, 42 U.S.C.A. §12101, et. seq.)**

7.      Plaintiff became employed at Starbucks in approximately September of 2008 as a Barista.

8.      Plaintiff suffers from the chronic medical condition of epilepsy.  As a result of this condition, Plaintiff would suffer occasional seizures.  The seizures would generally occur at the same time every month.

9.      Plaintiff is a qualified individual with a disability, within the meaning of the ADA.

10.     Defendant was fully aware of Plaintiff's disability at all relevant times.

11.     Defendant regarded Plaintiff as impaired and considered her disabled.

12.     Plaintiff's disability substantially limited one or more life functions that are central to the life process itself, including, but not limited to, the following: caring for one's self, performing manual tasks, walking, speaking, cognitive function and working.

13.     Plaintiff was a dedicated, hard-working, and loyal employee that contributed to Defendant in a substantial and meaningful manner and performed all of her job duties to the legitimate expectations of her employer.

14.     Throughout Plaintiff's employment at Starbucks, Plaintiff had epileptic seizures. On more than one occasion, Plaintiff had a seizure during a scheduled shift, resulting in Plaintiff requesting to leave work.

15.     On more than one occasion, Plaintiff was forced to miss a scheduled shift because of a seizure the previous day.

16.     The Defendant was fully aware of Plaintiff's condition because Plaintiff informed her supervisors of her condition and Plaintiff's supervisors witnessed her seizures.

17.     Plaintiff was never warned, reprimanded or otherwise disciplined for either leaving a shift early or missing a shift because of a prior seizure.

18.     Prior to June of 2010, Plaintiff had only received exemplary reviews, was highly praised by her supervisors, and was performing her job to the legitimate expectations of her employer.

19.     In June of 2010, Plaintiff was subjected to discriminatory treatment by the Defendant because of her disability.

20.     This discrimination included, but was not limited to, a failure and refusal to accommodate Plaintiff's repeated requests for a reasonable accommodation for her disability, and a failure to accommodate or otherwise engage in an interactive process to find a solution to reasonably accommodate Plaintiff's disability.

21.     Specifically, Plaintiff repeatedly requested of her direct supervisor, Ryan Dobbertin, that he make a reasonable accommodation for her disability by allowing Plaintiff to

work a slightly modified schedule to allow her to recover from her seizures, which generally occurred at the same time every month.

22.     Mr. Dobbertin refused to accommodate Plaintiff in her requests, and failed to engage in an interactive process to find a solution that would reasonably accommodate the Plaintiff.

23.     On or around June 23, 2010, Plaintiff suffered a seizure at work and was forced to miss the rest of the shift. Plaintiff suffered additional seizures at home and was forced to miss two additional shifts that week.

24.     On or around June 29, 2010, Plaintiff was unexpectedly terminated by Rebecca Horst, a Manager at Starbucks. The Manager informed Plaintiff she was being immediately terminated because she missed two scheduled shifts during the previous week.

25.     Before Plaintiff was unexpectedly terminated for this alleged attendance issue, she had never been disciplined, written up, warned or otherwise notified by the Defendant that her attendance was an issue.

26.     Before Plaintiff was unexpectedly terminated for this alleged attendance issue, Starbucks was fully aware that Plaintiff suffered from epilepsy and would occasionally miss shifts.

27.     Plaintiff was terminated despite being proactive in requesting a reasonable accommodation to avoid possible attendance issues, but her requests were repeatedly ignored by the Defendant, specifically her supervisor.

28.     Plaintiff could have performed the essential functions of a barista with a reasonable accommodation – i.e., a slightly modified work schedule.

29.     At all relevant times herein, Plaintiff was performing all of her job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for the discriminatory treatment alleged herein.

30.     Plaintiff was terminated because she has a disability.

31.     By terminating Plaintiff, Defendant and its agents have willfully and intentionally discriminated against Plaintiff on the basis of her disability.

32.     Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and enter an order granting Plaintiff the following:

A.  Reinstatement to her position as a Barista at Defendant;

B.  An award for all back pay and lost employee benefits;

C.  If no comparable position is available, then an award for front pay and all prospective lost benefits;

D.  An award for compensatory damages, including physical and emotional pain and suffering;

E.  Punitive damages; and

F.  An award for liquidated damages, attorney's fees and costs, and any other relief this Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

## COUNT II

### (DISCRIMINATION IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000 *et. seq.*)

33. Plaintiff restates and realleges Paragraphs 1-32 as if fully stated herein as Paragraph 33.

34. Plaintiff is a member of a racial minority. Plaintiff is Black and has dark-colored hair, eyes, and skin.

35. Plaintiff always performed her duties to the legitimate expectations of her employer.

36. A similarly situated female Caucasian employee of Defendant suffered from the same chronic medical condition of epilepsy but was not terminated by Defendant.

37. Defendant treated the similarly situated Caucasian employee more favorably than the Plaintiff was treated.

38. This favorable treatment included, but was not limited to, providing the Caucasian employee with reasonable accommodation so that she could continue working with epilepsy, and not terminating the Caucasian employee when the employee's condition interfered with her work schedule.

39. Defendant discriminated against the Plaintiff by terminating her because of her race and by refusing to offer her reasonable accommodation for her disability because of her race, as described herein.

40. There was no legitimate non-discriminatory basis for Plaintiff's termination or failure to accommodate by Defendant.

41.     By terminating Plaintiff and by failing to offer her reasonable accommodation, Defendant and its agents have willfully and intentionally discriminated against Plaintiff based on her race in violation of Title VII.

42.     At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on her race and/or color, and had a duty under Title VII to prevent this discrimination against the Plaintiff.

43.     Defendant, by and though its agents, engaged in the foregoing acts and conduct when it knew or should have known that these acts were in violation of Title VII.

44.     The dissimilar treatment described herein, including but not limited to the termination of Plaintiff and failure to offer her reasonable accommodation actually and proximately caused by the intentional, willful, and wrongful discrimination by the Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and enter an order granting Plaintiff the following:

    A.  Reinstatement to her position as a Barista at Defendant;

    B.  An award for all back pay and lost employee benefits;

    C.  If no comparable position is available, then an award for front pay and all prospective lost benefits;

    D.  An award for compensatory damages, including physical and emotional pain and suffering;

    E.  Punitive damages; and

    F.  An award for liquidated damages, attorney's fees and costs, and any other relief this Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

## COUNT III

**(DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866,
42 U.S.C. §1981, *et. seq.*)**

45.     Plaintiff restates and realleges Paragraphs 1-43 as if fully stated herein as Paragraph 44.

46.     Plaintiff is a member of a racial minority.  Plaintiff is Black and has dark-colored hair, eyes, and skin.

47.     Plaintiff always performed her duties to the legitimate expectations of her employer.

48.     A similarly situated female Caucasian employee of Defendant suffered from the same chronic medical condition of epilepsy but was not terminated by Defendant.

49.     Defendant treated the similarly situated Caucasian employee more favorably than the Plaintiff was treated.

50.     This favorable treatment included, but was not limited to, providing the Caucasian employee with reasonable accommodation so that she could continue working with epilepsy, and not terminating the Caucasian employee when the employee's condition interfered with her work schedule.

51.     Defendant discriminated against the Plaintiff by terminating her because of her race and by refusing to offer her reasonable accommodation for her disability because of her race, as described herein.

52.     There was no legitimate non-discriminatory basis for Plaintiff's termination or failure to accommodate by Defendant.

53.     By terminating Plaintiff and by failing to offer her reasonable accommodation, Defendant and its agents have willfully and intentionally discriminated against Plaintiff based on her race in violation of §1981.

54.     At all times relevant to this cause of action, Defendant had a duty under §1981 to refrain from discriminating against Plaintiff based on her race and/or color, and had a duty under §1981 to prevent this discrimination against the Plaintiff.

55.     Defendant, by and though its agents, engaged in the foregoing acts and conduct when it knew or should have known that these acts were in violation of §1981.

56.     The dissimilar treatment described herein, including but not limited to the termination of Plaintiff and failure to offer Plaintiff reasonable accommodation was actually and proximately caused by the intentional, willful, and wrongful discrimination by the Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and enter an order granting Plaintiff the following:

G.  Reinstatement to her position as a Barista at Defendant;

H.  An award for all back pay and lost employee benefits;

I.  If no comparable position is available, then an award for front pay and all prospective lost benefits;

J.  An award for compensatory damages, including physical and emotional pain and suffering;

K.  Punitive damages; and

L.  An award for liquidated damages, attorney's fees and costs, and any other relief this Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,


s/  Alex R. Thiersch
Alex R. Thiersch


Alex R. Thiersch
Renee E. Coover
THIERSCH & ASSOCIATES
180 N. LaSalle St., Suite 3700
Chicago, Illinois 60601
(312) 981-0990
Firm No. 48764

## CERTIFICATE OF FILING

     Alex R. Thiersch, an attorney, certifies that I have this day filed the foregoing Complaint with the Clerk of Court using the CM/ECF system in accordance with local rules and the General Order on Electronic Case Filing (ECF).


     Respectfully submitted this 27th day of December, 2011


Alex R. Thiersch, #6276042          By:  /s/Alex R. Thiersch
Thiersch & Associates               Alex R. Thiersch
180 N. LaSalle, Suite 3700         Attorney for Plaintiff
Chicago, IL  60601
(312) 981-0990

EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2010-05191 |

Illinois Department Of Human Rights and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Candace M. Bush | (708) 799-1715 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 743 Elm St., Flossmoor, IL 60422 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STARBUCKS COFFEE COMPANY | 500 or More | (312) 553-0244 |

| Street Address | City, State and ZIP Code |
|---|---|
| 40 West Lake, Chicago, IL 60601 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | 06-29-2010 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about September 8, 2008. My last position was Barista. During my employment, I notified Respondent of my disability. On June 29, 2010, I was discharged. Also a similarly situated non-Black co-worker with the same disability was not discharged.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I also believe that I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JUL 2 9 2010

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Jul 28, 2010 | | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | |

# EXHIBIT B

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Candace M. Bush<br>743 Elm St.<br>Flossmoor, IL 60422 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7011 1150 0001 5279 8103**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-05191 | Shuwn Hayes,<br>Investigator | (312) 869-8036 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*

**John P. Rowe,
District Director**

9/28/11

*(Date Mailed)*

Enclosures(s)

cc: **STARBUCKS COFFEE COMPANY**